O'BRIEN BROS., Inc., v. NEW YORK CENT. R. CO. et al.

(Circuit Court of Appeals, Second Circuit. March 13, 1923.)

No. 172.

Indemnity ⊚�灰9(1)—Contract held to make contractor liable to charterer for damages to scow by handling of freight.

A contract between a railroad company, which had chartered a scow from libelant, and a company to handle the freight to be placed on the scow, by which the latter assumed all liability for loss or damage to the property of itself, the railroad, all other persons or corporations, and to the property being handled by the contractor under the agreement, imposed on the contractor liability for injuries to the scow which the railroad company was required to pay to the owner, resulting from the handling of the freight.

Appeal from the District Court of the United States for the Eastern District of New York.

Libel by O'Brien Bros., Inc., against the New York Central Railroad Company, in which the New York Marine Company was interpleaded by petition of the respondent. From a decree for the libelant against the respondent only, respondent appeals. Decree modified, so as to allow recovery against both respondent and interpleaded Marine Company, with directions to issue execution first against the latter.

Alexander S. Lyman, of New York City, for appellant.

Macklin, Brown & Van Wyck, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellee New York Marine Co.

George V. A. McCloskey, of New York City, for appellee O'Brien Bros., Inc.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The appellee was the owner of the scow Sparklight, which was chartered at an agreed hire per day to the appellant; it promising and agreeing to return said scow to the appellee in the same good condition as when received. While the scow was under the charter to the appellant it was engaged in loading a cargo of steel at the West Shore Railroad in Jersey City. At that time the scow was under charter to the appellant for about a year, and while loading the cargo, the libel alleges:

"A crane with a sling attached was used, and in the sling steel plates were loaded, and by means of the crane and sling the steel plates were swung from the railroad cars on to the scow, and while the respondent, through its agents and servants, was swinging a quantity of steel rails in the sling, as aforesaid, a quantity of the steel rails was allowed to drop from the sling while the sling was suspended in the air, and the rails, falling, struck other cargo on board and broke through the deck of the scow, inflicting considerable damage on that vessel."

The railroad company, appellant, petitioned in the appellee, the New York Marine Company, alleging that the appellant had entered into an agreement with the New York Marine Company on the 16th of

⊚⟰For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

October, 1920, and that contract provided that the New York Marine Company "would assume all liability for loss, damage or injury to persons or property of itself, the petitioner, and all other persons or corporations arising from any and all causes in connection with the handling of freight under said agreement, except damage or injury due to the sole negligence of the petitioner, its officers, agents, or employees."

Paragraph eighth of the contract referred to is as follows:

"Eighth. 1. The contractor assumes all liability for loss, damage or injury (including workmen's compensation) to the persons or property of (a) itself, its officers, agents or employés; (b) the railroad, its officers, agents, or employés; (c) all other persons or corporations; (d) and to the property being handled by the contractor under this agreement and to the railroad's tools, machinery, and equipment used by the contractor for that purpose—arising from any and all causes in connection with the handling of freight hereunder, except from the sole negligence of, or conditions created solely by the railroad, its officers, agents, or employés."

It is clear from the evidence that the injury to the scow in question was not that which occurred from ordinary wear and tear. Thus a presumption is raised that the injury was from a violent blow. It is proven that on the 20th of December the vessel's deck was in good condition, and that on the morning of the 21st it had a hole in it. There were found three broken deck stringers and three broken deck planks. The deck was visible underneath the cargo, which had already been loaded. The master of the scow was asleep in his cabin when, at 2 or 3 o'clock in the morning, a loud noise awoke him. He went on deck; he saw a light shining through a hole in the deck. This same deck had been all right the previous afternoon. He found men of the New York Marine Company working around a draft of steel putting a sling on it. Part of the draft was over the rail and part over the boat. No more steel plates were loaded after that morning and the scow was kept at the docks until the 28th, when the survey was made. This sufficiently established that the injury was due to neglect on the part of the New York Marine Company's employés in loading the scow. The charterer is therefore presumptively guilty of negligence in the care of the scow and is liable to its owner. But the damage was caused by the employés of the interpleader appellee, who "assumes all liability for loss, damage, or injury" to the property of the appellant and all other persons or corporations, arising from any and all caused in connection with the handling of the freight. This would make the impleaded appellee primarily liable. While the interpleader appellee is not an insurer, it is responsible for injury which arises from handling the freight, and we believe that the injury to the scow was caused while handling the freight.

Responsibility is not fixed by determining the question of whether anything broke in the sling or whether the steel slipped from the sling. It is fixed because of the contractual obligations and the assumption of liability by the New York Marine Company and because of the damage to the property. The New York Central Railroad Company agreed to return the scow in as good condition, ordinary wear and tear excepted, and it is responsible for failure to do so. The decree is there-

fore modified, so as to give the appellee a decree against the New York Central Railroad Company and also against the New York Marine Company, with directions to issue execution first against the New York Marine Company.

Decree modified accordingly.